IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00036-PAB-KLM

JARED PROCHNOW, and
MATTHEW FOSTER

    Plaintiffs,

v.

FIDELITY MORTGAGE COMPANY, INC.,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Motion to Remand** [Docket No. 11; Filed February 11, 2013] (the "Motion"). The Motion is referred to this Court for disposition [#13]. On March 4, 2013, Defendant filed a Response [#16]. On March 15, 2013, Plaintiffs filed a Reply [#18]. The Motion is thus ripe for resolution. The Court has reviewed these filings, the case record, and the applicable law, and is fully advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that the Motion [#11] be **DENIED**.

### I. Summary of the Case

    On December 10, 2012, Plaintiffs initiated this Racketeer Influenced and Corrupt Organizations Act ("RICO") action in Mesa County District Court, located in Mesa County, Colorado. [#1-3]. On January 7, 2013, Defendant removed the case to this Court. *See*

[#1]. In the Notice of Removal, Defendant presents one proposed basis for removal: federal question jurisdiction, because Plaintiffs assert a claim pursuant to RICO, a federal statute. *Id.* at 1. On January 29, 2013, Plaintiffs filed an Amended Complaint [#9], in which they retained their RICO cause of action and added a number of state statutory and common law claims.

## II.  Analysis

A federal court's original jurisdiction is premised on two statutory grounds: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (2) diversity jurisdiction pursuant to 28 U.S.C. § 1332. When a federal court lacks subject matter jurisdiction over a dispute removed from state court, the court must remand the action to state court. 28 U.S.C. § 1447(c). A "[d]efendant's right to remove and [a] plaintiff's right to choose [its] forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) (citation omitted). Regardless of whether removal is initially proper, if at any time "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted).

Defendant timely removed this action within thirty days of the date of filing of the Complaint. 28 U.S.C. § 1446(b). Plaintiffs' RICO claim supports an exercise of subject matter jurisdiction premised on the existence of a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question

jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Here, it is evident from the faces both of the Verified Complaint [#5] and Amended Complaint [#9] that Plaintiffs' right to relief arises from federal law. The action arising from federal law could have originally been brought in federal court; thus, removal premised on federal question jurisdiction is proper. *See* 28 U.S.C. § 1441 (limiting removal generally to actions that could have been brought in federal district court).[1]

### III. Conclusion

Accordingly,

The Court respectfully **RECOMMENDS** that the Motion [#11] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this

---

[1] Plaintiffs' arguments regarding the pendency of a motion for entry of default in state court at the time of removal and that Defendant is currently in default doo not affect whether this Court has subject matter to jurisdiction to retain this case.

Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 20, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge