IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00036-PAB-KLM

JARED PROCHNOW, and
MATTHEW FOSTER

     Plaintiffs,

v.

FIDELITY MORTGAGE COMPANY, INC.,

     Defendant.
_____

## ORDER DIRECTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Complaint (Doc. 9)** [Docket No. 12; Filed February 11, 2013] (the "Motion"). On February 25, 2013, Plaintiffs filed a Response [#14] in opposition to the Motion. On March 5, 2013, Defendant filed a Reply [#17]. The Motion is ripe for review. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3, the Motion has been referred to this Court [#13].

In short, Plaintiffs appear to allege a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") based upon Defendant's alleged misappraisal of their homestead property, which Plaintiffs aver eventually lead to the foreclosure of their property. *See Am. Compl.* [#9]. Plaintiffs' Amended Complaint consists of 69 pages and more than 173 paragraphs. *See id.* It is difficult to determine whether Plaintiffs are also making separate claims pursuant to the Colorado Organized Crime Control Act ("COCCA"), mail fraud, wire fraud, C.R.S. § 38-10-101, C.R.S. § 12-61-911, constructive fraud,

mortgage fraud, fraudulent misrepresentation, and deceptive trade practices under the Colorado Protection Act, or whether these items are referred to solely as part of their RICO claim. *See id.* at 1. It is also difficult to glean the alleged facts underlying Plaintiffs' lawsuit from the general argument and statements regarding the state of the nation's current mortgage situation.

In part in the Motion, Defendant makes two arguments directed at the adequacy of the Amended Complaint [#9]. Defendant first argues that Plaintiffs have failed to allege facts with particularity as required by Fed. R. Civ. P. 9(b). *Motion* [#12] at 5-6. Defendant further argues that Plaintiffs have failed to follow Fed. R. Civ. P. 8(a) by not providing "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 9-11. As a result, they request that this action be dismissed with prejudice. *Id.* at 11.

The Court is mindful that it must construe the filings of *pro se* litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be *pro se* litigants' advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigants'] complaint or construct a legal theory on their behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiffs, as *pro se* litigants, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Court agrees with Defendants that the Amended Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. "The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the

allegations, if proven, show that the plaintiff is entitled to relief." *Tennyson v. Carpenter*, No. 13-cv-00648-BNB, 2013 WL 1340660, at *2 (D. Colo. Apr. 2, 2013) (citing *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1980)).  Rule 8's requirements are designed to fulfill these purposes.  *Tennyson*, 2013 WL 1340660, at *2 (citing *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992)).

A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  Further, "[e]ach allegation must be simple concise, and direct."  Fed. R. Civ. P. 8(d)(1).  These two rules "underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Tennyson*, 2013 WL 1340660, at *2.  Pleadings that are unintelligible, prolix, or vague do not comply with Rule 8.  *Id.*

Plaintiffs fail to provide "a generalized statement of the facts from which [Defendant] may form a responsive pleading."  *Tennyson*, 2013 WL 1340660, at *2 (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).  To comply with Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  The complaint is not the forum in which Plaintiffs should garner all the case law which they believe supports their cause of action; rather:

> It is [Plaintiffs'] responsibility to present [their] claims in a manageable and readable format that allows the Court and [Defendant] to know what claims are being asserted and to be able to respond to those claims.  Plaintiffs must allege, simply and concisely, [their] specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of . . .

> [Defendant] that allegedly violated [their] rights.  The Court does not require
> a long, chronological recitation of facts.  Nor should the Court or [Defendants]
> be required to sift through [Plaintiffs'] verbose allegations to locate the heart
> of each claim.  The general rule that pro se pleadings must be construed
> liberally has limits and "the Court cannot take on the responsibility of serving
> as the litigant's attorney in constructing arguments and searching the record."
> *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

*Tennyson*, 2013 WL 1340660, at *2.

The trial court has the sound discretion to decide whether to dismiss a complaint pursuant to Rule 8.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Amended Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Plaintiffs will therefore be given one opportunity to cure the deficiencies in their Amended Complaint by submitting a Second Amended Complaint that asserts appropriate claims, that states them clearly and concisely in compliance with Fed. R. Civ. P. 8, that asserts which claims are asserted pursuant to which statute, and that alleges specific facts that demonstrate how Defendant participated in the asserted violations.[1]  In other words, the Second Amended Complaint shall set forth allegations related to Defendant's conduct and the specific legal right this conduct violates.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.  2007).  The Second Amended Complaint must provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits."  *Id.* "[T]o state a claim in federal court, [Plaintiffs' Second Amended Complaint] must explain what each defendant did to . . . [them]; when the defendant did it; how the defendant's actions harmed . . . [them]; and, what specific legal right the plaintiff[s] believe[]

---

[1]  Plaintiffs' attention is also directed to Fed. R. Civ. P. 9(b) for any of their claims that involve fraud or mistake.

the defendant violated." *Id.*

Accordingly,

IT IS HEREBY **ORDERED** that, **on or before May 24, 2013**, Plaintiffs shall file a Second Amended Complaint that complies with this Order.

IT IS FURTHER **ORDERED** that, if Plaintiffs fail to file a Second Amended Complaint that complies with this Order within the time allowed, the Court shall issue a Recommendation that this action be dismissed without further notice.

IT IS FURTHER **ORDERED** that Defendant's Motion to Dismiss [#12] is **DENIED without prejudice**.

Dated:  April 23, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge