IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00036-RM-KLM

JARED PROCHNOW, and
MATTHEW FOSTER,

      Plaintiffs,

v.

FIDELITY MORTGAGE COMPANY, INC.,

      Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant's **Motion to Dismiss Second Amended Complaint** [Docket No. 25; Filed June 10, 2013] (the "Motion").  The Motion is referred to this Court for disposition [#27].  On June 21, 2013, Plaintiffs filed a Response [#28].  On July 8, 2013, Plaintiffs filed a Reply [#29].  The Motion is thus ripe for resolution.  The Court has reviewed these filings, the case record, and the applicable law, and is fully advised in the premises.   For the reasons stated below, the Court respectfully **RECOMMENDS** that the Motion [#25] be **GRANTED**.

**I.  Summary of the Case**

      On December 10, 2012, Plaintiffs initiated this Racketeer Influenced and Corrupt Organizations Act ("RICO") action in Mesa County District Court, located in Mesa County, Colorado.  [#1-3].  On January 7, 2013, Defendant removed the case to this Court.  *See* [#1].  In the Notice of Removal, Defendant presented one proposed basis for removal:

-1-

federal question jurisdiction, because Plaintiffs assert a claim pursuant to RICO, a federal statute. *Id.* at 1. On January 29, 2013, Plaintiffs filed an Amended Complaint [#9], in which they retained their RICO cause of action and added a number of state statutory and common law claims. On April 23, 2013, the Court directed Plaintiffs to file a Second Amended Complaint to comply with the mandates of Fed. R. Civ. P. 8(a). *Order* [#21]. Plaintiffs timely did so. *See 2nd Am. Compl.* [#23]. Although the Second Amended Complaint is still not entirely clear,[1] the Court here finds that Plaintiffs have substantially complied with the clarity requirements of Fed. R. Civ. P. 8(a).

According to the Second Amended Complaint, Plaintiffs are borrowers on a promissory note (the "Note") and mortgage/deed of trust dated July 30, 2008 relating to their homestead property. *Id.* ¶ 1. Defendant is the mortgage company holding the Note. *Id.* ¶ 2. Plaintiffs assert that in 2008, Defendant evaluated the property underlying the Note as being worth $154,000.00, while the Mesa County Assessor's Office had that same year appraised the market value of the home as $102,370.00. *Id.* ¶ 8. Plaintiffs therefore assert that Defendant purposefully misrepresented and overstated the value of the property with the intent to fraudulently induce Plaintiffs to accept a loan far exceeding the value of the mortgaged property. *Id.* ¶¶ 30, 32. The precise amount eventually loaned to Plaintiffs was $151,855.00. *Id.* ¶ 47. Plaintiffs assert that Defendant also misrepresented the risks of loan default and mortgage foreclosure. *Id.* ¶ 58. Plaintiffs assert that if they had known that the value of the property was so far overstated, they would not have agreed to the loan amount for which they contracted with Defendant. *Id.* ¶ 59. In the present Motion,

---

[1] The point on which Plaintiffs are unclear in the Second Amended Complaint does not affect the Court's resolution of the federal claim asserted in this action. *See infra* § III.B. at n.2.

Defendant seeks dismissal of this matter pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a). *Iqbal*, 556 U.S. at 679 (quotation marks and citation omitted).

Finally, the Court must construe the filings of *pro se* litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for *pro se* litigants, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on their behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III.  Analysis

### A.    RICO

In short, Plaintiffs allege a violation of RICO based upon Defendant's alleged misappraisal of their homestead property, which Plaintiffs aver eventually lead to the foreclosure of their property. The elements of a civil RICO claim are (1) conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity. *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) (citation omitted). "Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) as "any act which is indictable" under any of the crimes listed in the statute.

These underlying acts are "predicate acts" and form the basis for RICO liability. *Tal*, 453 F.3d at 1261. A defendant need not be convicted of the predicate acts. *Id.* at 1262.

The predicate acts cited by Plaintiffs are various forms of fraud which are listed in the statute, such as mail fraud and wire fraud. *See* 18 U.S.C. § 1961(1)(B). Pursuant to the authorities cited above, Plaintiffs must plead sufficient facts to provide plausible grounds that discovery will reveal evidence to support their RICO allegations. *Shero*, 510 F.3d at 1200. Plaintiffs' Second Amended Complaint [#23] must offer "factual content" in support of their RICO claim, not "labels and conclusions," "naked assertions," or "a formulaic recitation" of the elements of a RICO claim. *Iqbal*, 556 U.S. at 678.

Defendant asserts that the Second Amended Complaint does not allege a racketeering "enterprise" as required by RICO, which "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A RICO enterprise is proven by "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981). Plaintiffs must also allege that the "enterprise" exists separate and apart from the pattern of racketeering. *United States v. Smith*, 413 F.3d 1253, 1267 (10th Cir. 2005) (quotation omitted).

Plaintiffs' allegations regarding the composition of the asserted RICO enterprise are unclear. Although Plaintiffs are attempting to challenge the actions of their mortgage company and "non-party malfeasants," the Second Amended Complaint fails to adequately allege the existence or nature of the supposed enterprise. *See, e.g.*, *Response* [#28] at 3 (conclusorily stating that Defendant is "part of an ongoing nationwide pattern of felony

criminal mortgage fraud, mail fraud, and wire fraud being conducted by the Defendant and non-party malfeasants who together make up the 'MERS Enterprise'"); *2nd Am. Compl.* [#23] (conclusorily stating that "[a]t all relevant times, the Defendant and the non-party malfeasants, were each a 'person' within the meaning of RICO"). Plaintiffs appear to be alleging that Defendant and the unnamed "malfeasants" acted together to commit mortgage fraud. However, the Court is not required to piece together allegations in a complaint to establish a valid claim. *See Whitney*, 113 F.3d at 1173-74.

Additionally, pursuant to 18 U.S.C. § 1962(c) "[t]he alleged enterprise cannot be the same as the RICO defendant." *Schroder v. Volcker*, 646 F. Supp. 132, 135 (D. Colo. 1986) (citing *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984)). "[A] corporation cannot, at the same time, be both a 'person' and an 'enterprise' under RICO." *Consumers Gas & Oil, Inc. v. Farmland Indus.*, 815 F. Supp. 1403, 1411 (D. Colo. 1992) (quoting *Shared Diagnostic Servs. v. Henningsen*, 602 F. Supp. 428, 430 (E.D. Penn. 1984)). Rather, "Plaintiff must allege that [the] enterprise[] exist[s] distinctly from the Defendant that allegedly associated with the enterprise to engage in a pattern of racketeering activity." *Id.* Thus, Defendant cannot be both the lone defendant and the "enterprise" in a RICO claim, because Plaintiffs fail to allege that an "enterprise" possesses an "existence and purpose distinct" from Defendant. *Bd. of Cnty. Comm'rs of San Juan Cnty. v. Liberty Grp.*, 965 F.2d 879, 885 (10th Cir. 1992).

Accordingly, the Court finds that Plaintiffs fail to allege sufficient facts establishing that Defendant directed, managed, used, or benefitted from an "enterprise." *See Seidl v. Greentree Mortg. Co.*, 30 F. Supp. 2d 1292, 1304-05 (D. Colo. 1998). Therefore, Plaintiffs' allegations are insufficient to support a claim on the alleged RICO violation against

Defendant. The Court thus **recommends** that Defendant's Motion seeking dismissal of Plaintiffs' RICO claim be **granted**.

**B.    Fraud**

Plaintiffs also bring a state common law claim for fraud.[2] Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims"). Here, the Court's jurisdiction is only based on federal question, 28 U.S.C. § 1331, and there is no indication that the Court has jurisdiction under an alternative statute. *See 2nd Am. Compl.* [#23] at 2; *Notice of Removal* [#1] at 1-2. Thus, having recommended dismissal of Plaintiffs' federal claim, the Court further **recommends** that the District Judge decline to exercise supplemental jurisdiction over Plaintiffs' state law claim.

### IV.  Conclusion

Based on the foregoing,

The Court respectfully **RECOMMENDS** that the Motion [#25] be **GRANTED**, that

---

[2] Defendant characterizes Plaintiffs' Second Amended Complaint as bringing two causes of action: RICO and common law fraud. *Motion* [#25] at 1. As Defendant states, "although not expressly set out as an independent claim for relief, Plaintiffs appear to attempt to allege a claim for fraud." *Id.* It is unclear, although certainly feasible, that in the Second Amended Complaint Plaintiffs are also bringing a claim for common law fraud. Moreover, in their Response to the Motion, Plaintiffs do not contest this characterization of their claims, and so, liberally construing the Second Amended Complaint, the Court assumes that Plaintiffs are also bringing a claim for common law fraud. *See Haines*, 404 U.S. at 520-21 (stating that the Court must construe the filings of *pro se* litigants liberally); *Hall*, 935 F.2d at 1110 (same).

Plaintiffs' RICO claim be **DISMISSED without prejudice**, and that the remainder of this matter be **REMANDED** to the Mesa County District Court.  *See Notice of Removal* [#1].

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 23, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge