**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-00036-RM-KLM

JARED PROCHNOW, and
MATTHEW FOSTER,

    Plaintiffs,

v.

FIDELITY MORTGAGE COMPANY, INC.,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Magistrate Judge's Recommendation on Defendant's Motion to Dismiss ("Recommendation") (ECF No. 30) and Defendant Fidelity Mortgage Company, Inc.'s ("Fidelity") Objection to the Recommendation (ECF No. 31). Both the Recommendation and the objection pertain to Defendant's Motion to Dismiss (ECF No. 25) Plaintiffs Jared Prochnow and Matthew Foster's Second Amended Verified Complaint (ECF No. 23) alleging Defendant violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and committed state-law fraud.

For the reasons stated below, the Court AFFIRMS and ADOPTS the Recommendation, OVERRULES Defendant's objection, and GRANTS Defendant's Motion to Dismiss as to Plaintiffs' RICO claim and REMANDS Plaintiffs' state-law fraud claim.

## I. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B. *Pro Se* Status

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). The Court, however, cannot serve as a *pro se* litigant's advocate and make arguments for him. *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). The Court cannot "supply additional factual

allegations to round out [a *pro se* litigant's] complaint...." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). And *pro se* litigants are not excused from following the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

### C. Rule 12(b)(6) Motion

The purpose of a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotation marks and citation omitted).

To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts ... to provide 'plausible grounds that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility in this context "must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (internal quotation marks and citation omitted). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id*.

3

This requirement of plausibility "serves not only to weed out claims that do not have a reasonable prospect of success, [but also to] provide fair notice to defendants of the actual grounds of the claim against them." *Id*. at 1248; *accord Twombly*, 550 U.S. at 582.

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

## II.   FACTS AND PROCEDURAL HISTORY

Neither party filed objections to the Magistrate Judge's recitation of the facts pled in the Second Amended Verified Complaint or her recitation of this case's procedural history. Accordingly, the Court adopts and incorporates the factual and procedural history included within the Recommendation as if set forth herein.

## III.   ANALYSIS

### A.   Plaintiffs' RICO Claim

The Magistrate Judge recommended that Defendant's motion to dismiss Plaintiffs' RICO be granted. (ECF No. 30 at 4-7.) Neither party filed an objection to this portion of the Recommendation. Accordingly, the Court reviews the Magistrate Judge's Recommendation for clear error. Having reviewed the Recommendation and the record, the Court discerns no clear error on the face of the Recommendation with regard to dismissing Plaintiffs' RICO claim.

### B.   Plaintiffs' State-Law Fraud Claim

The Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law fraud claim. (ECF No. 30 at 7.) Defendant characterized

Plaintiff's Second Amended Complaint as bringing two causes of action: RICO and common-law fraud. (ECF No. 25 at 1.) The Magistrate Judge construed Plaintiffs' Second Amended Verified Complaint liberally and held that Plaintiffs' may have alleged a common-law fraud claim. (ECF No. 30 at 7 n.2.) Defendant objects to this portion of the Magistrate Judge's Recommendation as it argues the Magistrate Judge constructed a claim where none existed. (ECF No. 31 at 5-7.) But it was Defendant that first construed Plaintiffs' Second Amended Verified Complaint as containing two claims for relief. (ECF No. 25 at 1.) And Plaintiff did not object to this characterization. The Magistrate Judge correctly construed Plaintiffs' Second Amended Verified Complaint as potentially pleading a state-law fraud claim.

Defendant provides no legal or factual authority for requiring the Court to exercise jurisdiction over Plaintiffs' state-law fraud claim. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law fraud claim under 28 U.S.C. § 1367(c)(3) as it has dismissed Plaintiffs' federal-question claim. *Krogh v. Nielsen*, Case No. 12-CV-795, 2013 WL 1222096, at *4 (D. Utah Mar. 25, 2013). "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). In this case, retaining jurisdiction would be inappropriate. There is no federal interest involved and the litigation is not so advanced that directing it back to the state court from which it came would involve undue hardship. This Court need not, therefore, reach or decide the adequacy of the pleadings with respect to the state-law claim.

IV.   **CONCLUSION**

Based on the foregoing, the Court:

1. OVERRULES Defendant's Objection to the Recommendation (ECF No. 31);

2. AFFIRMS and ADOPTS the Magistrate Judge's Recommendation (ECF No. 30);

3. GRANTS IN PART Defendant's Motion to Dismiss the Second Amended Verified Complaint (ECF No. 25) without prejudice, *i.e.*, the Court dismisses Plaintiffs' RICO claim;

4. DENIES IN PART Defendant's Motion to Dismiss the Second Amended Verified Complaint (ECF No. 25), *i.e.*, the Court REMANDS Plaintiffs' state-law fraud claim to the extent Plaintiffs pled such a claim; and

5. Pursuant to 28 U.S.C. § 1447(c), ORDERS the Clerk to REMAND the case to the District Court, Mesa County, Colorado, where it was originally filed as Case Number 2012CV4631.

DATED this 25th day of September, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge